**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MACEL CAROLYN FILLMORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-01042-RP |
| | § | |
| EQUIFAX INFORMATION SERVICES LLC, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND,
MOTION TO STRIKE, AND MOTION FOR EXTENSION OF TIME**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, hereby responds to Plaintiff Macel Carolyn Fillmore's Motion for Leave to File an Amended Complaint (Doc. 17), Motion to Strike (Doc. 18), and Motion for Extension of Time (Doc. 19). Pursuant to Local Rule CV-7(e), Equifax responds as follows.

i

**TABLE OF CONTENTS**

**FACTUAL BACKGROUND**..................................................................................................1

**STANDARD OF REVIEW**...................................................................................................1

**ARGUMENT**..........................................................................................................................2

**I.    PLAINTIFF FAILS TO ADEQUATELY ALLEGE THAT EQUIFAX'S REPORTING OF THE ACCOUNT WAS INACCURATE.** ....................................3

    **A.    Plaintiff Fails to Establish an Inaccuracy Under Either §§ 1681e(b) or 1681ia**..............................................................................................................3

    **B.    Case Law and Regulatory Guidance Counsel in Favor of Dismissal.**................5

    **C.    Plaintiff's Allegation that Reporting Plaintiff's Authorized User Status Could Be Misinterpreted or Misused Does Not Mean that It Is Misleading.**........................................................................................................9

**CONCLUSION** ......................................................ERROR! BOOKMARK NOT DEFINED.

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bailey v. Equifax Information Services LLC*,
 No. 13-10377, 2013 WL 3305710 (E.D. Mich. July 1, 2013) ...................................................6

*Cahlin v. Gen. Motors Acceptance Corp.*,
 936 F.2d 1151 (11th Cir. 1991) ............................................................................................4, 8

*Dalton v. Capital Associated Indus., Inc.*,
 257 F.3d 409, 415 (4th Cir. 2001) ...........................................................................................5

*DeAndrade v. Trans Union LLC*,
 523 F.3d 61 (1st Cir. 2008) ..................................................................................................2, 10

*Dickens v. Trans Union Corp.*,
 18 Fed.Appx. 315, 319 (6th Cir. 2001) ....................................................................................10

*Green v. Experian Info. Solutions, Inc.*,
 No. 3:13-cv-04134-B (N.D. Tex. Mar. 20, 2015) ...................................................................10

*Henson v. CSC Credit Servs.*,
 29 F.3d 280, 285–86 (7th Cir. 1994) .......................................................................................10

*Heupel v. Trans Union LLC*,
 193 F. Supp. 2d 1234 (N.D. Ala. 2002) ...........................................................................4, 5, 6

*Jebaco Inc. v. Harrah's Operating Co., Inc.*,
 587 F.3d 314, 322 (5th Cir. 2009) ...........................................................................................1

*Jianqing Wu v. Trans Union, et al.*,
 2006 WL 4729755 (D. Md. May 2, 2006) ..............................................................................10

*Johnson v. Equifax, Inc.*,
 510 F. Supp. 2d 638 (S.D. Ala. 2007) ......................................................................................6

*Morris v. Trans Union LLC,*
 420 F. Supp. 2d 733, 756 (S.D. Tex. 2006) ............................................................................10

*Norman v. Experian Info. Sols., Inc.*,
 No. 3:12-CV-128-B, 2013 WL 1774625 (N.D. Tex. Apr. 25, 2013) ...............................2, 3, 8

*Pedro v. Equifax, Inc.*,
 No. 1:15-CV-3735-TWT, 2016 WL 2756217 (N.D. Ga. May 11, 2016) ................................6

*Safeco Inc. Co. of America v. Burr*,
   551 U.S. 47, 52 (2007)..................................................................................................8

*Seamans v. Temple Univ.*,
   744 F.3d 853 (3d Cir. 2014)..........................................................................................5

*Schiller v. Physicians Resource Group, Inc.*,
   342 F.3d 563, 567-8 (5th Cir. 2003) .............................................................................1

*Sepulvado v. CSC Credit Servs.*,
   158 F.3d 890 (5th Cir. 1998), cert. denied, 526 U.S. 1044 (1999)................................2, 3, 4, 8

*Toliver v. Experian Info. Sols., Inc.*,
   973 F. Supp. 2d 707, 719 (S.D. Tex. 2013) ..................................................................9

*Washington v. CSC Credit Services Inc.*,
   199 F.3d 263 (5th Cir. 2000) ........................................................................................2

*Whitmore v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000)..............................................1

**Statutes**

Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691a .........................................6

15 U.S.C. § 1691a..............................................................................................................6

15 U.S.C. § 1691b..............................................................................................................6

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x......................... *passim*

15 U.S.C. § 1681e(b) .................................................................................................. *passim*

15 U.S.C. § 1681i........................................................................................................ *passim*

**Other Authorities**

12 C.F.R. Pt. 1002, Supp. I, § 1002.10 .............................................................................7

Federal Rule of Civil Procedure 12(b)(6) .........................................................................2

Robert B. Avery, Kenneth P. Brevoort & Glen B. Canner, *Credit Where None is
   Due? Authorized User Account Status and "Piggybacking Credit"* (Fed.
   Reserve Bd. Mar. 5, 2010)............................................................................................8

## FACTUAL BACKGROUND

On September 6, 2016, Plaintiff filed a Complaint against Equifax alleging negligent or willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i and 1681e(b), when Equifax reported her to be an Authorized User of the subject Elan Financial Services/US Bank account ***0016927* ("Account"), and alleging that Equifax failed to reasonably reinvestigate her dispute that the reporting of the account was inaccurate. Doc. 1, ¶¶ 28-35. Plaintiff expressly conceded that she was an authorized user of the Account, but nevertheless contends that because she was not financially responsible for the payments due on the Account, Equifax's reporting of the Account was inaccurate. *Id.* at ¶¶ 9, 13, 14.

Equifax filed its Answer to Plaintiff's Complaint on December 8, 2016. Doc. 8. Plaintiff's deadline to amend her Complaint without leave of Court expired on December 29, 2016. FED. R. CIV. P. 15(a)(1)(B). On January 26, 2017, Equifax filed a Motion for Judgement on the Pleadings. Doc. 12. On February 9, 2017, in lieu of a Response to Equifax's Motion for Judgment on the Pleadings, Plaintiff filed her Motion for Leave to File an Amended Complaint (Doc. 17), Motion to Strike (Doc. 18), and Motion for Extension of Time (Doc. 19).

## STANDARD OF REVIEW

"[L]eave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) (citing *Whitmore v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000)). Where, as here, an amended complaint is merely a re-write of an earlier complaint adding only novelty, size, and facts, a court may dismiss it as futile if it lacks specific facts supporting key elements of the claim alleged. *Schiller v. Physicians Resource Group, Inc.* 342 F.3d 563, 567-8 (5th Cir. 2003). To decide if an amendment would be futile, the Court should apply the same standard as that for a

1

Rule 12(b)(6) motion to dismiss. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

## ARGUMENT

To establish a prima facie case for failure to follow reasonable procedures under the FCRA § 1681e(b), Plaintiff must demonstrate: (i) that Equifax prepared a consumer report concerning Plaintiff that contained inaccurate information; (ii) that the inaccuracy was due to Equifax's failure to follow reasonable procedures to assure maximum possible accuracy; (iii) that Plaintiff suffered a cognizable injury; and (iv) that her injury was caused by the inclusion of the inaccurate entry. *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL 1774625, at *3 (N.D. Tex. Apr. 25, 2013). *See also Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895-96 (5th Cir. 1998), cert. denied, 526 U.S. 1044 (1999); 15 U.S.C. § 1681e(b). *See also Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 267 n. 3 (5th Cir. 2000) ("In order to pursue a cause of action based upon a willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate."); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail.").

Likewise, to establish a prima facie case for failure to conduct a reasonable reinvestigation under the FCRA § 1681i, Plaintiff must show that her consumer report: (i) contained inaccurate information; (ii) that she disputed the accuracy of information on her credit file directly with the consumer reporting agency ("CRA"); (iii) that the CRA "did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file in the manner prescribed by Section 1681i(a)(5) within the statutory period"; (iv) that the CRA's "noncompliance was negligent or willful"; (v) that Plaintiff suffered

injury; and (vi) that Plaintiff's injury was caused by the CRA's failure to reinvestigate. *Norman*, 2013 WL 1774625, at *3-4; see also 15 U.S.C. § 1681i(a).

The key legal determination as set forth in Equifax's motion for judgment on the pleadings (Doc. 12) is whether Plaintiff can establish liability when she has conceded that she cannot meet the necessary precondition of showing that the account was reported inaccurately. The new allegations in Plaintiff's proposed amended complaint are futile as they do not change this fact; rather, Plaintiff concedes for an additional time that she is an authorized user on the account. Therefore, as set forth in greater detail below, Plaintiff should be denied leave to file her amended complaint.

## I. PLAINTIFF FAILS TO ADEQUATELY ALLEGE THAT EQUIFAX'S REPORTING OF THE ACCOUNT WAS INACCURATE.

### A. Plaintiff Fails to Establish an Inaccuracy Under Either §§ 1681e(b) or 1681i(a).

A credit entry may be "inaccurate" within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Sepulvado*, 158 F.3d at 895. In so finding, the Fifth Circuit found that while "[the consumer] report may have been incomplete, but it was not, as the district court found, facially misleading or inaccurate when prepared. CSC's use of the term "assigned" (as compared to the phrase "open date" in ACT's report) would have placed a creditor on notice that the obligation existed before the March 1994 assignment date. *Id.*

The gravamen of Plaintiff's Amended Complaint is that Equifax violated §§ 1681e(b) and 1681i(a) because her consumer report included negative information concerning the Account on which she was an authorized user. Doc. 17-1 at ¶¶ 16-21. However, Plaintiff expressly concedes in the Amended Complaint that she was an authorized user on the Account, and that Equifax reported her as such. *Id.; see also* Doc. 17-1, Exh. C. Thus, like the consumer report at

3

issue in *Sepulvado*, Plaintiff's consumer report is neither facially misleading nor inaccurate because it "would have placed a creditor on notice" that she was not the owner of or liable for the Account. *See Sepulvado*, 158 F.3d at 896.

Plaintiff fails to state a claim under the "facial accuracy" approach because the information in her consumer report was accurate on its face. Plaintiff's August 11, 2014 Dispute Letter concedes that her consumer report indicated that she was an authorized user, as opposed to the financially responsible party, on the Account. *See, e.g.*, *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1160 (11th Cir. 1991) (rejecting § 1681e(b) claim where credit "report accurately reflected [the creditor's] current characterization of the account and how it had been previously reported" by the creditor to the CRA).

Plaintiff's claim fares no better under the "misleading" standard. Plaintiff does not allege that Equifax "failed to report additional or explanatory information that would have corrected any misimpressions created by" her consumer report. *Cahlin*, 936 F.2d at 1157-58. Instead, she alleges that reporting any derogatory information about an authorized user account is inaccurate. Amended Complaint, Doc. 17-1 at ¶¶ 7, 16-21. But Plaintiff's credit records plainly indicated that she was an authorized user on the Account, and thus was not financially responsible for the Account. See Doc. 17-1, Exh C.

In reality, Plaintiff does not attempt to plead inaccuracy under either of these standards. Plaintiff contends, instead, that Equifax should not have included authorized user information in her consumer report to begin with, whether accurate or not, because an authorized user does not have any responsibility for payment of the debt. Amended Complaint, Doc. 17-1 at ¶¶ 9-12, 16-17. This is a policy argument—not a legally cognizable claim under § 1681e(b). As the court in *Heupel v. Trans Union LLC*, 193 F. Supp. 2d 1234, 1240 (N.D. Ala. 2002) reasoned, "the stated

purpose of the Act is not to require reporting that is 'fair and equitable to the consumer' as the consumer or the court may see it, but 'fair and equitable *in accordance with the requirements of [the Act]*.'" (Quoting 15 U.S.C. § 1681(b)) (emphasis added).

### B.     Case Law and Regulatory Guidance Counsel in Favor of Dismissal.

Other cases decided under §§ 1681e(b) and 1681i(a), as well as regulatory guidance, confirm that dismissal is appropriate here. In *Bailey v. Equifax Information Services LLC*, No. 13-10377, 2013 WL 3305710 (E.D. Mich. July 1, 2013), for example, the court addressed the same question presented here: whether it is inaccurate ***or misleading***, under § 1681e(b), to report authorized user tradeline information.[1] In *Bailey*, plaintiff alleged that her Equifax "credit report falsely associate[d] a balance owed on [a credit card account with her] even though she is merely an authorized user on those accounts" and is "not the owner of or liable for the account." *Id.* at *1, 5 (quoting plaintiff's filings). The court rejected plaintiff's allegations and granted the defendant's motion to dismiss, because plaintiff in fact "ha[d] the authorization to use a second person's account [and] that second person had a balance on" the account. *Id.* at *6. Thus, "the information provided [by Equifax] was accurate," precluding plaintiff's § 1681e(b) claim. *Id.*

Similarly, in *Heupel*, plaintiff asserted a claim under §§ 1681e(b) and 1681i because her consumer report indicated that a credit account on which she was a "joint obligor" had been "subject to Chapter 13 bankruptcy." 193 F. Supp. 2d at 1237, 1240.  The Court rejected plaintiff's claim, finding that because the account had been included in bankruptcy—and because plaintiff was indeed a joint obligor on that account—TransUnion's consumer report was

---

[1] *Bailey* was decided under the "misleading" standard, not solely under the "technically accurate" standard, as Plaintiff contends.  See *Bailey*, 2013 WL 3305710 at *9, n.3.  Plaintiff cites to *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001), and *Seamans v. Temple Univ.*, 744 F.3d 853 (3d Cir. 2014), for the uncontroversial proposition that these Courts used the "materially misleading" standard for accuracy.  Doc. 17-1, ¶¶17, 19, 65. As stated in more detail herein, Plaintiff's claims are meritless under this standard.

"accurate within the meaning of section 1681e(b) [2] and . . . provide[d] plaintiff no basis of relief." *Id.* at 1241; *see also Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 646 (S.D. Ala. 2007) (holding that defendant's "reporting of [a credit] account with the 'included in bankruptcy' comment was accurate," as "[i]t [wa]s undisputed that the . . . account was included in [plaintiff's co-obligor's] bankruptcy," even though plaintiff herself had not filed for bankruptcy).

The decisions in *Heupel* and *Johnson* directly support denying Plaintiff's Motion for Leave to Amend, but this case is even more straightforward. Here, Plaintiff's consumer report clearly and accurately reflected that Plaintiff was only an authorized user on that Account. For this reason, the Northern District of Georgia recently granted a motion to dismiss a class action lawsuit against Equifax, finding that Plaintiff could not establish that reporting an accurate authorized user account was unreasonable. *Pedro v. Equifax, Inc.*, 186 F. Supp. 3d 1364, 1369 (N.D. Ga. 2016). The court found that "[p]lainly—under the technically accurate approach—listing accurate authorized user information does not violate [the FCRA]." Id. at 1369. The *Pedro* court had little difficulty concluding that authorized user reporting is not misleading either, finding that the plaintiff "has failed to cite to any authority advising the Defendants against reporting accurate authorized user information." *Id.* at 1370.

Plaintiff's claim that it is improper to report authorized user information also contradicts regulatory guidance promulgated under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, which prohibits credit discrimination on various bases. *See* 15 U.S.C. § 1691a. To effect that broad mandate, Congress authorized the Consumer Financial Protection Bureau ("CFPB") to promulgate regulations governing the consumer credit market. *See* 15 U.S.C. § 1691b. One such regulation—"Regulation B"—addresses the issue in this case.

---

[2] Her § 1681i(a) claim was withdrawn at oral argument. *Id.*

6

Regulation B provides that credit accounts held by married persons must be considered in a way that "reflect[s] the participation of both" the primary account-holder and his or her spouse if the spouse "is *permitted to use* or is contractually liable on the account." 12 C.F.R. § 1002.10 (emphasis added). And, where a person is an authorized user on his or her spouse's credit account, Regulation B *requires* that information concerning the account be included in the user's credit records. *See id.*.

While Plaintiff does not clarify whether she was the spouse of the accountholder, the regulatory guidance issued under Regulation B also addresses situation where a non-spouse is designated as an authorized user. The Official Staff Commentary to Regulation B provides that "*a creditor has the option to designate . . . all accounts with an authorized user[] to reflect the participation of both parties, whether or not the accounts are held by persons married to each other.*" 12 C.F.R. Pt. 1002, Supp. I, § 1002.10 (emphasis added). The CFPB thus has expressly authorized creditors to send Equifax authorized user tradeline information for inclusion in the consumer reports of spousal and non-spousal authorized users alike.

The Amended Complaint asserts the erroneous legal conclusion that once the authorized user request an account to be deleted, the account must be deleted. Doc. 17-1 at ¶¶ 57-58, 66. Legal conclusions will not suffice to prevent dismissal. In addition, the assertion is based on nothing more than a paragraph from the CFPB website (*see* Doc. 17-1, Exh. G), which merely states: "a credit bureau will **generally** remove the item at your request." *Id.* The paragraph does not mandate removal; it merely states what generally occurs. *Id.*. Plaintiff provides no fact to support an allegation that an accurately reported account must be deleted simply because the Plaintiff requests it. Finally, as Plaintiff acknowledges, FICO includes authorized user accounts

7

as it "helps lenders by providing scores that are based on a full snapshot of the consumer's credit history. Doc. 17-1 at ¶ 14.

Prohibiting consumer reporting agencies from reporting authorized user information would, moreover, conflict with the congressional goals underlying the Act. "Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Inc. Co. of America v. Burr*, 551 U.S. 47, 52 (2007). Elaborating on these congressional policies, the Eleventh Circuit observed that "[a]lthough a credit reporting agency has a duty to make a reasonable effort to report "accurate" information on a consumer's credit history, it has no duty to report only that information which is favorable or beneficial to the consumer. *Cahlin*, 936 F.2d at 1158.

There are good reasons to report authorized user tradeline information. For example, an authorized user of a credit card is "legally permitted to run up charges on the account." Avery, Brevoort & Canner, *supra*, at 2 n.5. At bottom, though, it is not up to Plaintiff to challenge the wisdom or fairness of reporting authorized user information. So long as the information a consumer reporting agency reports is "accurate, " the agency cannot be held liable under §§ 1681e(b) or 1891i(a). *See Norman*, 2013 WL 1774625 at *3; *Sepulvado*, 158 F.3d at 895-96.

Plaintiff attempts to save the case by citation to a printout of an Experian website page (Doc. 17-2) to show the manner in which it responds to a dispute of an authorized user account. This information is not properly before this Court as Experian is not a party to this case.[3] Moreover, the document is wholly irrelevant to the issue of whether Equifax's reporting of the

---

[3] Similarly, Plaintiff's citation to other cases being litigated by Plaintiff's counsel within Texas (*see* Doc. 17-1 at ¶ 15c) is of no consequence. But, if the Court wishes to consider those cases, it should be noted that Equifax has filed dispositive motions based on the same straightforward legal analysis that each of those consumers admitted that he/she was an authorized user on the respective account at issue and, therefore, the accounts were accurately reported as a matter of law.

8

Account was inaccurate or materially misleading. Because Plaintiff cannot prove the necessary precondition for establishing liability, namely that the account was inaccurately reported as a matter of law, the actions of another consumer reporting agency or Equifax in another consumer's case are beside the point. Plaintiff has not, and cannot, allege that Equifax was legally obligated to delete the accurate Account simply because Plaintiff asked Equifax to do so.

        **C.**        **Plaintiff's Allegation that Reporting Plaintiff's Authorized User Status Could Be Misinterpreted or Misused Does Not Mean that It Is Misleading.**

Plaintiff suggests two ways in which an authorized user account may be misinterpreted or misused. First, Plaintiff states that, despite clear reporting that an account is listed as an authorized user account, a non-Equifax credit report shows "confusing codes" for the Account that a potential creditor could misinterpret to mean that Plaintiff is the primary account holder is nothing more than mere conjecture and speculation. Doc. 17-1 at ¶ 11.[4] Even assuming *arguendo* that such an occurance may happen, the creditor's misinterpretation of industry codes does not mean that Equifax's authorized user reporting is inaccurate or misleading. Plaintiff also does not allege that Equifax used any inaccurate code to designate Plaintiff's authorized user status, or that any loan officer was misled. Plaintiff's failure to allege that Equifax inaccurately designated the status of the Account means that Equifax is entitled to have Plaintiff's claims dismissed. *See Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 719 (S.D. Tex. 2013).

Second, Plaintiff suggests that an unauthorized user can be added to an account without their knowledge or consent. Doc. 17-1 at ¶ 8. However, Plaintiff neither alleges that she had no knowledge of being added as an authorized user, nor that she did not create the debt or benefit from the purchases that created the debt reporting on the Account.

---

[4] Plaintiff cut-and-pasted an excerpt from a non-Equifax consumer report purporting to show the "confusing codes" reported about the Account.  This excerpt clearly shows an "A" in the "whose" column of the report, showing that the Account is an authorized user account.

9

Plaintiff appears to claim that Equifax is liable under the FCRA for failing to determine the merits of a legal dispute between Plaintiff and the primary account holder. However, courts have found that, absent reason to believe information from generally credible sources is inaccurate, a CRA is not required under § 1681e(b) to go beyond its initial source of information to verify that information. *See*, *e.g.*, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 285–86 (7th Cir. 1994).  Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010). A reasonable reinvestigation does not require CRAs to resolve legal disputes about the underlying debts they report. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008). Put simply, "credit reporting agencies are not tribunals. They simply collect and report information furnished by others." *Carvalho*, 629 F.3d at 891.[5]

## CONCLUSION

For the reasons stated above, Plaintiff's proposed amended complaint does not survive the futility analysis and as such, the motion for leave should be denied.  Furthermore, the Court should deny Plaintiff's Motion to Strike Equifax's Motion for Judgment on the Pleadings and Motion for Extension of Time to Respond as moot upon dismissal of Plaintiff's claims.

---

[5] Numerous courts have held that the investigation procedure used in this case (ACDV process that allows for the quick and efficient transfer of information) is reasonable as a matter of law. *See, e.g.*, *Jianqing Wu* 2006 WL 4729755, at *7; *Dickens v. Trans Union Corp.,* 18 Fed.Appx. 315, 319 (6th Cir. 2001); *Green v. Experian Info. Solutions, Inc.,* No. 3:13-cv-04134-B (N.D. Tex. Mar. 20, 2015); *Morris v. Trans Union LLC,* 420 F. Supp. 2d 733, 756 (S.D. Tex. 2006). Plaintiff complains that Equifax did nothing more than use the ACDV process to parrot information from Elan. (Amended Complaint, Doc. 17-1 at ¶¶ 25-26, 40, 46, 48). Yet, Plaintiff fails to suggest: (1) any other steps Equifax should have or could have taken in its investigation, or (2)what facts Equifax failed to discover.

Respectfully submitted: February 16, 2017.

        KING & SPALDING LLP

        /s/ *Kendall W. Carter*
        Kendall W. Carter
        Texas Bar No. 24091777
        kcarter@kslaw.com
        1180 Peachtree Street NE
        Atlanta, GA 30309
        Tel (404) 572-2459

        *Counsel for Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Court using the CM/ECF system, which will send notification of such filing to the following:

Dennis Dean McCarty
McCarty Law Firm
P. O. Box 111070
Carrollton, TX 75011
*Attorney for Plaintiff*

Donald E. Hill
Rowlett Hill Collins LLP
6060 N. Central Expressway
Suite 500
Dallas, TX 75206
*Attorneys for Elan Financial Services*


Dated: February 16, 2017.

                                        */s/ Kendall W. Carter*
                                        Kendall W. Carter