IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MACEL CAROLYN FILLMORE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-CV-1042-RP |
| EQUIFAX INFORMATION SERVICES, LLC and ELAN FINANCIAL SERVICES, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court in the above-entitled matter are Defendant Elan Financial Services' Motion to Dismiss, (Dkt. 11); Defendant Equifax Information Services, LLC's Motion for Judgment on the Pleadings, (Dkt. 12); and the responsive filings thereto. Having reviewed those filings, relevant law, and the case file, the Court issues the following Order.

## I. BACKGROUND

The above-entitled action alleges negligent or willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (Dkt. 1). Plaintiff Macel Carolyn Fillmore ("Plaintiff") argues that Defendant Equifax Information Services, LLC ("Equifax") and Elan Financial Services ("Elan") (collectively, "Defendants") injured her by including on her credit history an account to which she was an authorized user, but not a "signer, obligor, or accommodation party to the original contract." (Compl., Dkt. 1, ¶¶ 9–11). Specifically, she alleges that Equifax both (1) violated its duty under 15 U.S.C. § 1681i(a)(1)(A) ("Section 1681i(a)") to conduct a good-faith investigation into her notice of dispute, and (2) violated 15 U.S.C. § 1681e(b) ("Section 1681e(b)") by not following reasonable procedures to assure maximum possible accuracy. (*Id.* ¶¶ 29, 35). Plaintiff also alleges that Elan violated its duty under 15 U.S.C. § 1681s-2(b) ("Section 1681s") to conduct a reasonable and good-faith investigation into her notice of dispute. (*Id.* ¶ 36).

1

Equifax filed a Motion for Judgment on the Pleadings on January 26, 2017, (Dkt. 12), and Elan filed a Motion to Dismiss on January 20, 2017, (Dkt. 11). Instead of responding to those motions, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Dkt. 17). Defendants objected, contending that the proposed amendment was futile. (Dkts. 24, 28). The Court agreed and denied Plaintiff's motion. (Dkt. 41).

## II. LEGAL STANDARD

As noted above, Defendants seek dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(c) and 12(b)(6). The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The standards described below therefore apply to both defendants' motions.

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. EQUIFAX

Plaintiff argues that Equifax violated the FCRA by listing on her credit report an account on which she is an "authorized user" and including in the credit report the negative history associated

with the account. (Compl., Dkt. 1, ¶¶ 30–31). She disputed the information in a letter to Equifax dated August 11, 2014. (*Id.* ¶ 29). Plaintiff alleges that because she is not responsible for paying the accounts, the information on her credit report is both false and misleading. (*Id.* ¶ 33). She therefore asserts that Equifax both (1) violated its duty under Section 1681i(a) to conduct a good-faith investigation into her notice of dispute, and (2) violated Section 1681e(b) by not following reasonable procedures to assure maximum possible accuracy. (*Id.* ¶¶ 29, 35).

Equifax argues that Plaintiff's claims should be dismissed because she cannot prove, as is required to establish a prima facie case under Sections 1681e(b) and 1681i(a), that her account is being inaccurately reported. (Equifax Mot., Dkt. 12, at 10); *see also* 15 U.S.C. §§ 1681e(b), 1681i(a); *Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to pursue a cause of action based upon a willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate."); *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL 1774625, at *3–4 (N.D. Tex. Apr. 25, 2013). In response, Plaintiff argues that reporting information about authorized-user accounts is misleading because doing so has an adverse impact on her credit score.

*A. Legal Standard*

Both sections of the FCRA at issue require Plaintiff to prove, as a threshold matter, that an account is inaccurately reporting. *Washington*, 199 F.3d at 267 n.3 ("In order to pursue a cause of action based upon a willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate."); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail."); *Saunders v. Equifax Information Servs., LLC*, No. 1:16-cv-525, 2017 WL 3940942, at *4 (W.D. Tex. Aug. 3, 2017) (explaining that a plaintiff "must be able to show, at a minimum, that her consumer report contains

inaccurate information; otherwise, she cannot establish that Equifax violated either Section 1681e(b) or Section 1681i(a)").

A credit entry is "inaccurate" within the meaning of the FCRA when it is patently incorrect or when it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citing *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986)); *Ostiguy v. Equifax Information Servs., Inc.*, No. 5:16-cv-790, 2017 WL 1842947, at *3 (W.D. Tex. May 4, 2017).

*B. Discussion*

Here, Plaintiff's credit report is neither patently incorrect nor misleading. The credit report lists Plaintiff as an authorized user of the account, and Plaintiff admits that she is in fact an authorized user on that account. (Compl., Dkt. 1, ¶ 9). Plaintiff also does not allege that any additional account information is reported inaccurately. As another court recently explained, a credit report that accurately lists an individual as an authorized user cannot be so misleading as to be expected to adversely affect credit decisions "because the term 'authorized user' is a defined industry term connoting an understood meaning within the financial industry." *Saunders*, 2017 WL 3940942, at *4 (citing Robert B. Avery et al., *Credit Where None is Due? Authorized-User Account Status and Piggybacking Credit*, 47 U. Consumer Aff. 518, 519 (2013)). As the *Ostiguy* court expounded,

> [w]hile Plaintiff's accurate credit entry may be negatively perceived by third parties, credit reporting agencies only have "a duty to make a reasonable effort to report 'accurate' information on a consumer's credit history,' and do not have a duty to only report "information which is favorable or beneficial to the consumer."

*Ostiguy*, 2017 WL 1842947, at *3 (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir. 1991)).

Plaintiff's assertion that the "authorized user" notation is misleading is therefore insufficient to establish a prima facie violation of Section 1681(e)(b) or Section 1681i(a). Equifax's Motion for Judgment on the Pleadings is **GRANTED**.

4

## III. ELAN

As noted above, Plaintiff alleges that Elan violated its duty under Section 1681s to conduct a reasonable and good-faith investigation into her notice of dispute. (*Id.* ¶ 36). In response, Elan asserts that Plaintiff's claim is barred by the FCRA's two-year statute of limitations because Plaintiff, who filed suit on September 6, 2016, was aware of the facts giving rise to her claim by August 2014. (Elan Mot. Dismiss, Dkt. 11, at 1). The Court disagrees.

In its order denying Plaintiff leave to amend, the Court summarized Plaintiff's argument and identified its flaw. As the Court wrote then:

> Plaintiff alleges that she complained of inaccurate information on her credit report via a letter dated August 11, 2014 ("the Letter"). The Letter states, in relevant part, that
>
>> Ms. Fillmore was NOT a signer, obligor or accommodation party to . . . the accounts. Ms. Fillmore was merely an Authorized User of these accounts. Ms. Fillmore has made an attempt with your company to have the Authorized User accounts removed from her personal credit history. Both accounts remain on her personal credit file.
>
> Plaintiff argues that the FCRA provides a private right of action for consumers only once a data furnisher fails to provide a good faith and reasonable investigation into a consumer's dispute of reported information. The relevant date, according to Plaintiff, is therefore the date she received the results of the investigation undertaken by Defendants: September 16, 2014.
>
> But for the text of the Letter, the Court would agree with Plaintiff. However, the Letter indicates that Plaintiff had previously "made an attempt with [Defendants] to have the Authorized User accounts removed from her personal credit history." While the Letter does not specify whether Plaintiff received a response from Defendants following her earlier dispute notice, it represents—at a minimum—a second notice of Plaintiff's dispute. Because "additional report[s] cannot restart the limitations clock," the date of Defendants' response to the Letter is immaterial. *See Bittick v. Experian Info. Sols., Inc.*, 419 F. Supp. 2d. 917, 919 (N.D. Tex. 2006) (explaining that holding otherwise "would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency").

(Order, Dkt. 41, at 3–4) (internal citations omitted).

Elan now argues that "[t]he facts that [led] to the conclusion that Plaintiff's proposed Amended Complaint fails to state a claim for which relief may be granted are the same facts that are

applicable to Plaintiff's Original Complaint and dictate that the same ruling is appropriate on [Elan's] Motion to Dismiss." (Elan Reply, Dkt. 45, ¶ 5). The Court disagrees. While the facts in Plaintiff's proposed Amended Complaint are indeed largely the same as those in Plaintiff's Original Complaint, Plaintiff's response to Elan's Motion to Dismiss incorporates revised legal arguments.

Plaintiff's assertion that each sequential dispute letter restarts the limitations clock is incorrect for the reasons detailed above. However, her argument that "each transmission of the same credit report is a separate and distinct tort to which a separate statute of limitations applies" is sound. The U.S. Court of Appeals for the Fifth Circuit held in *Hyde* that the two-year limitations period for a claim under the FCRA begins when the consumer report causes injury to the consumer or when the consumer reporting agency sent the erroneous information to a potential user. *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 450 (5th Cir. 1988). *Bittick*, the district court case relied on by this Court in its order denying Plaintiff's Motion for Leave to Amend, interpreted *Hyde* to conclude that an "additional [dispute] cannot restart the limitations clock." *Bittick*, 419 F. Supp. 2d at 919. The *Bittick* court did not, however, depart significantly from *Hyde*. Rather, the *Bittick* court cabined its reasoning to situations in which the only event in a plaintiff's complaint that occurred after her initial dispute to the agencies was an additional dispute. *Id.* (affirming that "[e]ach transmission of the same credit report constitutes a separate and distinct tort to which a separate limitations period applies"); *see also Brown v. Equifax Inc.*, 2013 WL 5769925, at *3 (D. Kan. Oct. 24, 2013) (distinguishing *Bittick* by noting that the *Brown* plaintiff alleged "more than just the submission of subsequent dispute letters").

Here, Plaintiff's Complaint alleges that "the account continued to report inaccurately on Plaintiff's credit report after the Defendants concluded their so-called 'investigation,'" (Compl., Dkt. 1, ¶ 15); that the account "continued to be reported on Plaintiff's credit report, resulting in lowering Plaintiff's credit scores and furthering Plaintiff's damages," (*id.* ¶ 18); and that the continued

6

reporting of the account led Plaintiff to "suffer a higher mortgage rate than [she] would have qualified [for] if the Elan account had been properly removed when disputed in August 2014," (*id.*). While these statements are somewhat indefinite, they provide sufficient factual matter to, if accepted as true, state a claim for relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. The Court therefore concludes that Defendant Elan Financial Services' Motion to Dismiss should be **DENIED**.

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant Equifax Information Services, LLC's Motion for Judgment on the Pleadings, (Dkt. 12), is hereby **GRANTED**. Plaintiff's claims against Equifax are **DISMISSED WITH PREJUDICE**. **IT IS FURTHER ORDERED** that Defendant Elan Financial Services' Motion to Dismiss, (Dkt. 11), is hereby **DENIED**.

If Plaintiff wishes to amend her Complaint in light of this decision, she must seek leave to do so pursuant to Federal Rule of Civil Procedure 15(a)(2).

**SIGNED** on September 26, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE